## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## TOLEDO DIVISION

| | |
|---|---|
| EAST OF CHICAGO PIZZA LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| EOC PIZZA, LLC, ) | |
| ) | |
| Defendants. ) | |

### COMPLAINT

Comes now East of Chicago Pizza LLC ("Plaintiff") and for its Complaint against EOC Pizza, LLC ("Defendant") states:

### PARTIES

1. Plaintiff is a limited liability company domiciled and organized under the laws of the State of Ohio with its principal office located at 121 West High Street, 12th Floor, Lima, Allen County, State of Ohio 45801, and is a citizen of Ohio.

2. Defendant is a limited liability company domiciled and organized under the state laws of the State of Indiana with its principal office address at 223 North Line Street, Churubusco, Whitley County, Indiana 46723; Defendant's business address being 8475 E US Highway 33, Churubusco, Whitley County, State of Indiana 46723, and is a citizen of Indiana.

### JURISDICTION AND VENUE

3. This Court has jurisdiction in accordance with 26 U.S.C. §1332 (diversity of citizenship and the amount in controversy) in that the Plaintiff is an Ohio limited liability company located and domiciled at 121 West High Street, 12th Floor, Lima, Allen County,

Ohio 45801; and its sole member Tony Collins, is a citizen of the State of Ohio residing in Lima, County of Allen, State of Ohio.

4. Complete diversity exists in that Defendant is an Indiana limited liability company domiciled in Indiana with its principal office address at 223 North Line Street, Churubusco, Whitley County, State of Indiana 46723; its business address at 8475 E US Highway 33, Churubusco, Whitley County, State of Indiana 46723; and its members Lisa Fensler and Timothy Fensler citizens of the State of Indiana residing at 223 North Line Street, Churubusco, Whitley County, State of Indiana 46723.

5. Plaintiff contends that the amount of damages suffered and the amount in controversy presented in this action exceeds seventy-five thousand dollars ($75,000.00).

6. Venue is appropriate in the United States District Court for the Northern District of Ohio, Toledo Division as this is the judicial district of the Plaintiff's principal place of business and for further reason that venue is governed by a venue selection clause where the parties agreed to submit disputes to the jurisdiction of this Court.

**FACTS COMMON TO ALL COUNTS**

7. Plaintiff owns, operates and franchises East of Chicago Pizza stores.

8. In its business, Plaintiff has developed and owns a comprehensive system for developing and operating franchise pizza stores which include trademarks, building designs and layouts, equipment, ingredients, specifications, recipes for authorized food products, methods of inventory control and certain operations, business standards and policies which are the product of substantial time, money and effort.

9. On February 16, 2012 Plaintiff entered into a Franchise Agreement with CMS Pizza, Inc., an Indiana corporation ("CMS Pizza"), which opened an East of Chicago

Pizza franchise at 8475 US 33, Churubusco, Whitley County, Indiana 46723. (A copy of the Franchise Agreement is attached hereto, made a part hereof and incorporated herein as Exhibit A).

10. The term of the Franchise Agreement was ten (10) years commencing March 1, 2012.

11. Pursuant to the Franchise Agreement, Plaintiff provided training programs, guidance, manuals, use of trademarks, recipes, know-how, operational guidance as well as an exclusive geographic area wherein Plaintiff agreed not to grant or operate any other franchise pizza store within a four (4) mile radius.

12. Pursuant to the Franchise Agreement, Plaintiff was to receive marketing fees, royalty fees and franchise fees.

13. In addition, the Franchise Agreement contained certain restrictive covenants concerning confidentiality, restricting competition and the misappropriation of franchise materials, processes, recipes and other information and property both during the term of the Franchise Agreement and thereafter.

14. Specifically, the Franchise Agreement contained the following with regard to the restrictive use of confidential information:

> 7.01    Confidential Information
>
> We will disclose parts of our Confidential Information to you solely for your use in the operation of the Franchised Store. The Confidential Information is proprietary and includes our trade secrets. During the Term and thereafter: (a) you and your Principals may not use the Confidential Information in any other business or capacity (you and your Principals acknowledge such use is an unfair method of competition); (b) you and your Principals must exert your best efforts to maintain the confidentiality of the Confidential Information; (c) you and your Principals may not make unauthorized copies of any portion of the Confidential Information disclosed in written, electronic or other form; and (d) you and your Principals must implement all reasonable procedures we prescribe from time to time to prevent

unauthorized use or disclosure of the Confidential Information, including the use of nondisclosure agreements with your Principals, officers, directors, managers, and assistant managers, and you and your Principals must deliver such agreements to us. At the end of the Term, you and your Principals must deliver to us all such Confidential Information in your possession. These restrictions on disclosure and use of Confidential Information do not apply to information or techniques which are or become generally known in the restaurant industry (other than through your own disclosure), provided you obtain our prior written consent to such disclosure or use.

15. The Franchise Agreement contained the following restrictions with regard to In-Term Covenants:

7.02 In-Term Covenants

During the Term, neither you nor any of your Principals may, without our prior consent (which consent may be withheld at our discretion):

(a) directly or indirectly (such as through a member of their Immediate Families) own any legal or beneficial interest in, or render services or give advice to: (1) any Competitive Business located anywhere; or (2) any entity located anywhere which grants franchises, licenses or other interests to others to operate any Competitive Business; or

(b) divert or attempt to divert any business or customer of EOC Pizza Stores to any competitor or do anything injurious or prejudicial to the goodwill associated with the Marks or the System.

16. The Franchise Agreement further required the use and sale of food products, beverages, ingredients, merchandise, uniforms and other supplies and products which conform to the Plaintiff's specifications or purchased from suppliers approved by the Plaintiff as follows:

9.03 Food Products

You acknowledge and agree that the reputation and goodwill of EOC Pizza Stores are based on, and can be maintained only by, the sale of distinctive, high-quality products and services. Therefore, you agree that the Franchised Store will use and/or offer for sale only food products, beverages, ingredients, merchandise, uniforms, packaging materials, menus, forms, labels and other supplies and other products and services that conform to our specifications and quality standards and/or are purchased from suppliers approved by us (which may include us and/or

any of our Affiliates). We may modify the list of approved brands and/or suppliers from time to time in our sole discretion. After notice of such modification, you may not reorder any brand or reorder from any supplier which is no longer approved.

17. The Franchise Agreement also contained a covenant not to compete for a period of three (3) years following expiration or termination of the Franchise Agreement restricting the operation of a competitive business within a five (5) mile radius:

16.03  Post-Term Covenants

For a period of three (3) years, starting on the effective date of termination or expiration (without renewal) of this Agreement, neither you nor any of your Principals may directly or indirectly (such as through their Immediate Families) own a legal or beneficial interest in, or render services or give advice to: (a) any Competitive Business operating in the Protected Area; (b) any Competitive Business operating within a radius of five (5) miles of any EOC Pizza Store in operation or under construction on the effective date of termination or expiration; or (c) any entity which grants franchises, licenses other interests to others to operate any Competitive Business.

18. On or about April 1, 2017 CMS Pizza sold to the Defendant.

19. As part of the transaction, the Franchise Agreement was transferred and assigned from CMS Pizza to the Defendant. (Assignment of Franchise Agreement and Consent ["Assignment Agreement"] is attached hereto, made a part hereof and incorporated herein as Exhibit B).

20. As set forth in the Assignment Agreement, the Defendant assumed and agreed to be bound by the terms and conditions of the Franchise Agreement.

1. <u>Assignment</u>.

(a) Effective as of the Effective Date, CMS hereby assigns the Franchise Agreement and all of its right, title and interest thereunder to Assignee. Assignee hereby accepts such assignment. Assignee shall have all of the rights of CMS under the Franchise Agreement including, without limitation, any option to renew or extend the Franchise Agreement.

(b) Effective as of the Effective Date, Assignee hereby assumes and agrees to be bound by all of CMS's obligations under the Franchise Agreement.

Assignee shall perform all the terms, covenants and conditions of the Franchise Agreement.

21. As set forth in the Assignment Agreement, the term of the Franchise Agreement was extended for a period of ten (10) years after the effective date of the Assignment Agreement through April 1, 2027.

22. As contemplated and otherwise agreed to in the Assignment Agreement, Defendant is bound by the terms, conditions, duties, obligations and restrictions including the confidentiality and non-competition covenants set forth in the Franchise Agreement.

23. Defendant entered into the Assignment Agreement knowingly, freely and voluntarily and said Assignment Agreement in supported by adequate consideration.

24. Sometime following execution of the Assignment Agreement, Defendant began operating its business as Heroes Family Bistro & Pub, in violation of the Franchise Agreement.

25. Having a reasonable, good-faith belief that the Defendant was engaging in conduct which violated the Franchise Agreement, Plaintiff caused to be served on the Defendant correspondence noticing the Defendant of its breach. (May 20, 2022 correspondence is attached hereto, made a part hereof and incorporated herein as Exhibit C).

26. To date Defendant has not cured its breach and continues to operate a restaurant in the same location in violation of the Franchise Agreement.

27. Plaintiff alleges and contends that the Defendant has breached the Franchise Agreement, which includes, without limitation:

(a) operating a pizza restaurant outside the "East of Chicago" moniker;

(b) operating a pizza restaurant in violation of the non-competition covenants contained in the Franchise Agreement;

(c) on information and belief utilizing Plaintiff's confidential information and/or trade secret information in furtherance of its current business operation;

(d) failing to pay to Plaintiff in accordance with the Franchise Agreement including, without limitation, royalty fees, marketing fees and franchise fees.

28. Plaintiff has suffered and continues to suffer irreparable harm by virtue of the Defendant's breach of the Franchise Agreement and Assignment Agreement for which there is no adequate remedy at law.

29. Moreover, the harm to the Plaintiff substantially outweighs any potential harm to the Defendant warranting injunctive relief in the form of a temporary restraining order, preliminary injunction and/or permanent injunction.

30. It is in the best interests of the public and in further interest of the public good to grant the Plaintiff a temporary restraining order, preliminary injunction and/or permanent injunction against the Defendant and restrain the Defendant's continued violation of the Franchise Agreement.

31. In addition and/or in the alternative, Plaintiff has suffered further harm and money damages as a result of the Defendant's breach of the Franchise Agreement including, without limitation, lost franchise fees, marketing fees and royalty fees.

32. In addition and/or in the alternative, Defendant has earned profits and has been unjustly enriched as a result of its violative conduct which profits and monies should be disgorged and/or refunded to the Plaintiff.

33. In addition, as set forth in the Franchise Agreement, Plaintiff is entitled to interest on the non/late payment of all fees which may be determined to be due and owing the Plaintiff under the Franchise Agreement.

34. In addition, as set forth in the Franchise Agreement, should the Plaintiff prevail in any proceeding against the Defendant, Defendant must reimburse Plaintiff for all costs and expenses including reasonable accounting, paralegal, expert witness and attorneys' fees. Accordingly, by way of its Complaint, Plaintiff seeks the recovery of such expenses, losses and attorneys' fees.

WHEREFORE, Plaintiff, East of Chicago Pizza LLC respectfully requests that this Court enter judgment in favor of the Plaintiff and against Defendant EOC Pizza, LLC; that it find that the Defendant has violated the Franchise Agreement and the Assignment Agreement; that it enjoin the Defendant from further breaches and/or violations of the Franchise Agreement and/or Assignment Agreement; that it grant Plaintiff a temporary restraining order, preliminary injunction and/or permanent injunction; that it grant Plaintiff all available legal relief and/or money damages; that it enter an order disgorging ill-gotten profits derived during the period of Defendant's breach; that it grant the Plaintiff its costs and attorneys' fees associated with this matter; and otherwise grant Plaintiff any and all relief just and proper or otherwise available under applicable law.

Respectfully submitted,

s/Martha M. Lemert
Martha M. Lemert, #62137
BURT, BLEE, DIXON, SUTTON & BLOOM, LLP
200 East Main Street, Suite 1000
Fort Wayne, IN 46802
Telephone: (260) 426-1300
Facsimile: (260) 422-2722
mlemert@burtblee.com
Attorney for Plaintiff